UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERESA GARCIA, et al., | § | |
| Plaintiffs, | § | |
| v. | § | C.A. No. C-05-342 |
| | § | |
| JIM WELLS COUNTY, TEXAS, et al., | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants' Motion for Partial Summary Judgment (D.E. 22) is pending before the Court. For the following reasons, the Court GRANTS in part and DENIES in part defendants' motion.

I.  Background

Tragically, plaintiff Teresa Garcia's husband, Juan Garcia, and son, Marcos Garcia, committed suicide on April 11, 2005. Plaintiffs allege that defendants—Jim Wells County, Jim Wells County's Sheriff, and five Jim Wells County Sheriff's Deputies—are liable for the suicides under 42 U.S.C. § 1983.

On April 10, 2005, Jim Wells County sheriff deputies were called to the Garcias' residence to investigate an alleged domestic disturbance where they saw Juan Garcia fighting with his son, Marcos. The sheriff deputies took both men into custody and to the Jim Wells County Jail in Alice, Texas. The individual defendants are jailers in the Jim Wells County Sheriff's Department—not the sheriff's deputies who transported Juan and Marcos into

1

custody. The individual defendants are the following: Sheriff Lopez, Deputy Flores, Deputy Villareal, Deputy Garza, Deputy Wright, and Deputy Montalvo.

While in custody, at the jail, Juan Garcia committed suicide. Plaintiffs allege that defendant Garza thereafter informed Marcos of his father's suicide. Marcos "became extremely emotional" after learning of his father's suicide. Plaintiffs further allege that defendants Garza, Wright, and Montalvo "told Marcos Garcia that it was his fault that his father was dead." (D.E. 18, pg. 5.) A few hours later, one or several of the defendants released Marcos Garcia pursuant to a personal recognizance bond. Marcos Garcia left the jail and returned to his family's home. Shortly after returning home, Marcos Garcia committed suicide by hanging himself in the garage.

The foundation of plaintiffs' 42 U.S.C. § 1983 suit regarding Marcos Garcia is that defendants should not have released Marcos without first providing mental health assistance, by doing so defendants violated Marcos's Fourth, Eighth, and Fourteenth Amendments rights. The defendant jailers move for summary judgment on the basis of qualified immunity. Defendant Jim Wells County also moves for summary judgment arguing that plaintiffs' allegations present "no abuse of authority, and thus, no violation of section 1983."

II.    Law

   A. Summary Judgment

A court shall enter summary judgment in favor of the moving party if the record, taken as a whole, "show[s] that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A court must look at the record in the light most favorable to the non-movant. *E.g.*, *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962). The party seeking summary judgment "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

B. Qualified Immunity

Qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (citing *Gomez v. Toledo*, 466 U.S. 635 (1980)). The individual defendants raised this affirmative defense in their answer. (D.E. 5.)

The doctrine of qualified immunity limits a public official's § 1983 civil liability for the performance of discretionary functions. *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002). Officials are protected from liability for civil damages if their conduct has not violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 814.

The qualified immunity analysis contains two parts. First, the Court decides whether the facts alleged show the official's conduct violated a constitutional right. *E.g.*, *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, the Court next determines whether that right was

clearly established at the time of the alleged violation. *E.g.*, *Wilson v. Layne*, 526 U.S. 603, 610 (1999). The Supreme Court has cautioned that "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

III.  Application

    A. Individual Defendants

Qualified immunity's first prong governs this case. Accepting plaintiffs' allegations as true, the Court finds no constitutional violation. Plaintiffs' argument is that defendants violated the Fourth, Eighth, and Fourteenth Amendments by releasing Marcos from the Jim Wells County Jail without first providing mental health assistance.

The Fourth Amendment protects individuals from unreasonable searches and seizures. *See Samson v. California*, 126 S. Ct. 2193, 2197 (2006). Plaintiffs did not brief how the Fourth Amendment applies and the Court does not see how it could afford Marcos Garcia any protection in this case. The Eighth Amendment protects "convicted . . . prisoners" from cruel and unusual punishment. *See Estelle v. Gamble*, 97 S. Ct. 285, 291 (1976). Plaintiffs did not brief how the Eighth Amendment applies. The Eighth Amendment did not afford Marcos Garcia any protection in this case because Marcos was not a convicted prisoner—instead, defendant jailers temporarily detained him.

The Fourteenth Amendment does protect individuals who are detained in state detention facilities. Specifically, "a state jail officer" is liable for not providing necessary

4

medical attention if he "had <u>subjective knowledge</u> of a substantial risk of serious harm to a pretrial detainee but responded with <u>deliberate indifference</u> to that risk." *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996) (en banc) (emphasis added).

Marcos Garcia committed suicide after defendants released him for custody. Plaintiffs have not cited a single Supreme Court or Fifth Circuit case to support their theory of liability that defendants violated the Fourteenth Amendment by releasing Marcos from the Jim Wells County Jail without first providing mental health assistance. After surveying their jurisprudence, the Court finds that neither the Supreme Court nor the Fifth Circuit have held that the Fourteenth Amendment offers protection to former detainees who commit suicide at home after release from jail custody. Because former detainees who commit suicide at home after release are not afforded the protection of the Fourteenth Amendment, plaintiffs have not alleged a constitutional violation. Defendants Lopez, Garza, Wright, and Montalvo are entitled to qualified immunity for that reason. Defendants Flores and Villareal are entitled qualified immunity for a more basic reason: plaintiffs have not alleged a constitutional violation committed by Flores and Villareal because they have not even shown that defendants Flores and Villareal interacted at all with Marcos during his detention. The Court finds that all six individual deputies are entitled to qualified immunity.

Assuming, for the sake of argument, that Marcos committed suicide while in custody, the individual defendants would still be entitled to qualified immunity because plaintiffs have not produced any evidence that the individual defendants had "subjective knowledge" that

5

Marcos was a suicide risk "but responded with deliberate indifference to that risk." *See Hare*, 74 F.3d at 650.

### B. County Defendant

Defendant Jim Wells County moves for summary judgment because plaintiffs' allegations do not establish "an abuse of government power." Jim Wells County has not cited a single case discussing municipality liability. Jim Wells County has not met its initial burden of informing the court of the basis for its motion.

### IV.   Conclusion

The Court GRANTS in part and DENIES in part Defendants' Motion for Partial Summary Judgment (D.E. 22.) Specifically, the Court GRANTS summary judgment for the individual defendants. The Court DENIES summary judgment for defendant Jim Wells County.

Plaintiffs' § 1983 claims regarding Marcos Garcia against the individual defendants in their individual capacity are DISMISSED. Plaintiffs' § 1983 claims regarding Marcos Garcia against Jim Wells County are RETAINED. Finally, plaintiffs' § 1983 claims regarding Marcos Garcia against the individual defendants in their official capacity for prospective injunctive relief, of course, REMAIN in this suit—qualified immunity is not relevant to official capacity claims.

Ordered this_____30_____ day of_____March_____ 2007.

_____
HAYDEN HEAD
CHIEF JUDGE